# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

LUTHER C. BASHAM,

        Plaintiff,

v.                                                  CIVIL ACTION NO.  5:06-cv-00713

JIM RUBENSTEIN, et al.,

        Defendants.

## MEMORANDUM OPINION

By Standing Order entered on August 1, 2006, and filed in this case on September 14, 2006, this action was referred to United States Magistrate Judge Mary E. Stanley for submission of proposed findings and a recommendation (PF&R).  Magistrate Judge Stanley filed her PF&R on September 21, 2006 [Docket 5].  In that filing, the magistrate judge recommended that this Court find that Plaintiff's Complaint [Docket 1] fails to state a claim upon which relief may be granted, dismiss the Complaint [Docket 1], and deny as moot Plaintiff's Application to Proceed Without Prepayment of Fees [Docket 2].   For the reasons stated below, the Court adopts the recommendations, and therefore dismisses Plaintiff's complaint and denies his application as moot.

## I.  BACKGROUND

This action arises out of a letter that Plaintiff, an inmate at the Mount Olive Correctional Complex (MOCC) in Mount Olive, West Virginia, sent to Ms. Beverly Gandee in March 2005, the Inmate Grievance Coordinator for the West Virginia Division of Corrections, concerning an appeal of an inmate grievance.  The correspondence read:

> No disrespect intended Beverlee [sic], but in the future, instead of attempting to circumvent departmental policy for your own benefit and corrupt ways, I would suggest and recommend that you apply and utilize some common sense and brain power. You might find that your overall function will be a little better and you'll be able to distinguish an appeal from a grievance.

(Docket 1-2 at 4-5).

A paralegal at MOCC read the letter and charged Plaintiff with an institutional rule violation for insubordination/insolence under Policy Directive 325.00, Section 2.32. After a hearing before a correctional magistrate, Plaintiff was found guilty of the infraction and received a thirty day loss of privileges and thirty days of punitive segregation, which was suspended for six months. Thereafter, Plaintiff filed this action alleging that the punishment he received for the rule infraction violated his first amendment rights of "freedom of speech, expression and the right to voice an opinion," his eighth amendment right to be free from cruel and unusual punishment, and his fourteenth amendment rights to due process and equal protection.[1]

## II. STANDARD OF REVIEW

This Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and

---

[1] Following Magistrate Judge Stanley's entry of the PF&R, Plaintiff filed an Amended Complaint [Docket 10]. The claims in the amended complaint are essentially the same as those in the original complaint, except Plaintiff makes no reference to the eighth amendment cause of action.

recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Here, objections to Magistrate Judge Stanley's PF&R were due by October 6, 2006, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). On October 2, 2006, Plaintiff filed his objections [Docket 6,7, and 8].[2]

### III.  DISCUSSION

In his objections, Plaintiff argues that a prisoner has a first amendment right to free speech in his correspondence and communications with others. He relies heavily on *Procunier v. Martinez*, 416 U.S. 396 (1974) and its progeny. Plaintiff argues that *Martinez* is still the leading case governing censorship of material sent to those outside the prison. However, Plaintiff fails to consider that the correspondence which contained his disparaging comments were not sent to an outsider, but were rather sent to an employee of the West Virginia Division of Corrections. Thus, *Martinez* and the other cases he cites do not apply. *See, e.g.*, *Bressman v. Farrier*, 825 F. Supp. 231, 234 (N.D. Iowa 1993) (finding a violation of the First Amendment for disciplining a prisoner for abusive comments made about prison staff in a letter to a family member); *Loggins v. Delo*, No. 90-2874, 1991 U.S. App. LEXIS 33735, *7-8 (8th Cir. Dec. 6, 1991) (unpublished) (denying qualified immunity where prison officials disciplined a prisoner for comments made in a letter to his brother); *see also Brooks v. Andolina*, 826 F.2d 1266, 1269 (3d Cir. 1987) (finding a violation of a prisoner's first amendment rights where the prisoner was found guilty of misconduct for writing a critical letter of prison guards to the NAACP); *McNamara v. Moody*, 606 F.2d 621, 624 (5th Cir. 1979) (holding that a prisoner's first amendment rights were violated when a prison official prevented the prisoner from mailing a letter to his girlfriend accusing the prison official of bestiality).

---

[2] Plaintiff filed a Motion to Dismiss the PF&R [Docket 7]. The Court will treat the motion and supporting memorandum of law as objections to the PF&R. Accordingly, Plaintiff's motion to dismiss is **DENIED** [Docket 7].

Plaintiff cites no case that held a prisoner's first amendment rights were violated when he or she was disciplined for sending insubordinate/insolent material directly to a prison official. In fact, "[a]s several courts have held, a prisoner has no right to address prison officials in a disrespectful or abusive manner, or to engage in other forms of protest which impose clear and present danger of disorder and violence." *Scarpa v. Ponte*, 638 F. Supp. 1019, 1028 (D. Mass. 1986) (citing *Savage v. Snow*, 575 F. Supp. 828, 836 (S.D.N.Y. 1983); *Hawkins v. Elliott*, 385 F. Supp. 354, 358 n.15 (D.S.C. 1974); *Collins v. Schoonfield*, 363 F. Supp. 1152, 1158 (D. Md. 1973)). Prisoners do not possess a first amendment right to treat correctional employees in a manner inconsistent with prison objectives. *See Gibbs v. King*, 779 F.2d 1040, 1045 (5th Cir.), *cert. denied*, 476 U.S. 1117 (1986) (prisoners prohibited from making "derogatory or degrading remarks about an employee"); *Ustrak v. Fairman*, 781 F.2d 573 (7th Cir.), *cert. denied*, 479 U.S. 824 (1986) (regulation prohibiting inmates from being disrespectful to employees or cursing other inmates upheld). Furthermore, the fact that someone other than the intended recipient opened the letter is of no consequence. *See Altizer v. Deeds*, 191 F.3d 540, 547 (4th Cir. 1999) (prison officials have a right to inspect outgoing mail).

While the facts of this case are slightly distinguishable from the situation where an inmate makes disrespectful verbal comments directly to a prison guard, the same rationale for prohibiting those remarks applies here. Prison officials need to preserve order, which has been determined to be a legitimate penological interest. *Leonard v. Nix*, 55 F.3d 370, 375 (8th Cir. 1995). "It is settled that prison officials may discipline inmates for insolent and disrespectful behavior, for obvious legitimate penological concerns of security and order." *Hale v. Scott*, 252 F. Supp. 2d 728, 732 (C.D. Ill. 2003) (applying the *Turner* test and holding that there was no first amendment violation

for disciplining a prisoner for comments made in formal grievance). Thus, in this case, to permit Plaintiff's behavior would allow prisoners to harass and mock prison officials, such as the grievance coordinator, and would seriously jeopardize the goal of maintaining order and respect within the system. *See Ustrak*, 781 F.2d at 580 (prison regulation prohibiting inmates from "being disrespectful to any employee" and from using "vulgar, abusive, insolent, threatening, or improper language toward any other resident or employee" did not violate the First Amendment in light of the paramount need for prison discipline and control of violence).

Plaintiff emphatically argues that the broad umbrella of the First Amendment protects his behavior in this situation. To the contrary, as noted by Judge Posner in *Ustrak*, "[p]eople who want to enjoy the full panoply of constitutional rights to express themselves had best refrain from committing crimes punishable by imprisonment." *Id*. Individuals within the prison system are afforded some, but not all of the same protections of the First Amendment as those on the outside. *Pell v. Procunier*, 417 U.S. 817, 822 (1974). Therefore, because Plaintiff's letter was sent to a prison official it does not fall under *Martinez* and the decision to discipline him for such conduct is left for the prison administrators under the applicable regulations. As such, "it is well established that a prison rule that impinges on an inmate's constitutional rights is valid 'if it is reasonably related to legitimate penological interests.'" *Altizer*, 191 F.3d at 547 (quoting *Turner v. Safely*, 482 U.S. 78, 89 (1987)). The magistrate judge noted that Plaintiff has not challenged the constitutionality of the Policy Directive concerning insubordination/insolence and has not alleged that it is not reasonably related to a legitimate penological interest. (*See* Docket 5 at 6.) Accordingly, Plaintiff's objection to the magistrate judge's recommendation that he has not stated a cognizable claim for relief under the First Amendment is **OVERRULED**.

Plaintiff next objects to the recommendation that this Court find that his rights to due process and equal protection were not violated. In support his contention, Plaintiff argues that the correctional magistrate in this case was a former correctional officer at MOCC and is a member of Correctional Emergency Response Team, and because of these facts, his hearing with regard to the above mentioned infraction was not conducted in front of a "fair, impartial, neutral, unbiased, and detached" hearing officer. However, the allegations that the correctional magistrate was a former officer and a member of the emergency response team do not rise to the level needed to offend due process. *See, e.g.*, *Berch v. Stahl*, 373 F. Supp. 412, 422-23 (W.D.N.C. 1974). In order to pass constitutional muster, "[t]he hearing must include the following elements . . . [a]n impartial hearing officer who was not involved in the transaction and who has not participated in an investigation of the charges . . . ." *Id.* There is no allegation that the correctional magistrate in this case did either. Additionally, conclusory statements that the hearing officer is a former correctional officer and is predisposed to convicting prisoners is not sufficient to support a finding of bias. *See Sales v. Murray*, 862 F. Supp. 1511, 1514-15 (W.D. Va. 1994). Moreover, the right to a fair and impartial hearing does not require the hearing officer to come from outside of the prison. *See, e.g.*, *Sands v. Wainwright*, 357 F. Supp. 1062, 1084-85 (M.D. Fla.), *vacated and remanded on other grounds*, 491 F.2d 417 (5th Cir. 1973), *cert. denied*, 416 U.S. 992 (1974). Accordingly, the Court **ADOPTS** the recommendation of the magistrate judge and **FINDS** that Plaintiff's hearing was conducted by a fair and impartial hearing officer. Consequently, there was no violation of Plaintiff's due process rights.[3] Therefore, Plaintiff's objection is **OVERRULED**.

---

[3] Plaintiff has made no allegations which would support an equal protection claim.

Finally, the Court notes that Plaintiff does not object to the magistrate judge's finding that his eighth amendment rights were not violated. In fact, as noted above, the amended complaint, which was filed after the PF&R and Plaintiff's objections, does not contain any reference to this claim. As such, the Court **ADOPTS** the magistrate judge's recommendation that Plaintiff fails to state a cause of action under the Eighth Amendment. *See Thomas*, 474 U.S. at 150.

## IV.  CONCLUSION

For the reasons stated above, Plaintiff's Motion to Dismiss the PF&R is **DENIED** [Docket 7]. Further, the Court **FINDS** that Plaintiff's Complaint [Docket 1] fails to state a claim upon which relief may be granted, and therefore **DISMISSES** the Complaint [Docket 1] and **DENIES AS MOOT** Plaintiff's Application to Proceed Without Prepayment of Fees [Docket 2]. Additionally, because Plaintiff's Amended Complaint [Docket 10] contains the same allegations as the original Complaint, it is also hereby **DISMISSED**. A Judgment Order will be entered this day implementing the rulings contained herein.

ENTER:   July 25, 2007

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE